IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT SHAW,

                              Plaintiff,

     v.                                               OPINION and ORDER

VERIZON WIRELESS,
CONVERGENT OUTSOURSCING INC.,                  23-cv-350-jdp
MCCARTHY BURGESS & WOLFF.

                              Defendants.

---

Robert Shaw, appearing pro se, has filed this lawsuit alleging that his cell phone company breached the parties' contract by billing him before his account was fully set up and then sent the disputed debt to collections, where agencies engaged in aggressive collection efforts by repeatedly calling, sending letters, and threatening legal action. Defendant Cellco Partnership dba Verizon Wireless has filed a motion to compel arbitration of Shaw's claims against it. Dkt. 18. Defendant collection agency McCarthy Burgess & Wolff (McCarthy) has filed a motion to dismiss Shaw's claims against it. Dkt. 16.[1] For the reasons stated below I will grant both of those motions. Because Shaw also fails to state a claim against the remaining defendant, collection agency Convergent Outsourcing, Inc., I will dismiss the entire case.

BACKGROUND

I draw the following from Shaw's complaint, Dkt. 1, and the wireless contract, provided by Cellco, *see* attachments to Dkt. 20. *Venture Associates Corp. v. Zenith Data Systems Corp.*,

---

[1] Shaw has filed a motion for entry of default judgment against McCarthy, Dkt. 13, that I will deny because McCarthy has responded to Shaw's complaint.

987 F.2d 429, 431 (7th Cir. 1993) (court may consider documents attached to motion to dismiss, where those documents "are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.").

In August 2022, Shaw entered into a "Wireless Retail Account Agreement" with Cellco under his business name "Honey with a Hubby, LLC." Cellco is a subsidiary of Verizon Wireless (Verizon). Through this agreement, Shaw purchased wireless services and devices for his business account. The Wireless Retail Account Agreement included general terms and conditions of the agreement. It also included a section titled "Dispute Resolution" stating that:

> If there is a dispute that arises under or relates to this Agreement, the Parties agree to meet within 30 days of the date when one of the Parties gives written notice informing the other of such a dispute. If the dispute is not resolved the Parties agree to arbitrate the dispute. If a court rules that this arbitration requirement is unenforceable, or if a court proceeding is allowed instead of arbitration, the Parties agree to waive a jury trial. The Parties agree that (a) the Federal Arbitration Act, 9 USC §§ 1-16, as amended, shall govern this provision; (b) any arbitration shall be held before an independent arbitrator, governed and administered by JAMS in accordance with its Comprehensive Rules and Procedures or Streamlined Arbitration Rules and Procedures, as applicable; (c) the arbitrator shall issue a written opinion giving the reasons for any award; (d) the award shall be binding on both Parties with no right of appeal; and (e) no arbitration can be on a class basis or be joined or consolidated with another arbitration.

Dkt. 20-1, at 7–8.

As part of the transaction, Shaw also signed a "Small Business Receipt" describing his monthly wireless service plan and a "Device Purchase Agreement" requiring monthly payments for his device. The Device Purchase Agreement also included a provision affirming his agreement to resolve disputes through arbitration:

> ANY DISPUTES UNDER THIS DEVICE PAYMENT AGREEMENT SHALL BE RESOLVED IN ACCORDANCE WITH THE DISPUTE RESOLUTION PROVISIONS IN YOUR

>     [MAJOR ACCOUNT AGREEMENT], WHICH TERMS ARE
>     INCORPORATED BY REFERENCE, SPECIFICALLY, YOU
>     AND VERIZON AGREE TO WIRELESS BOTH AGREE TO
>     RESOLVE ALL DISPUTES UNDER THIS DEVICE PAYMENT
>     AGREEMENT ONLY BY ARBITRATION.

Dkt. 20-3, at 3.

Shaw alleges that Verizon did not complete setting up his account before charging him, and that he never used the services. He disputed the charges with Cellco and offered proof that the account setup was incomplete. When Verizon did not receive any payments for Shaw's account, it sent the bills to Convergent Outsourcing and McCarthy to collect Shaw's business account debt. Shaw attempted to resolve this by sending all the defendants a "fee schedule." They did not follow the fee schedule and Shaw filed suit.

ANALYSIS

**A. Cellco's motion to compel arbitration**

Cellco now moves to compel arbitration of Shaw's claims against it under the Federal Arbitration Act (FAA). Shaw did not respond to Cellco's motion. Nor did he list any causes of action in his complaint. However, pro se plaintiffs are not required to plead legal theories. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). From his allegations, I construe his complaint as potentially raising breach of contract and fair debt collection causes of action in violation of the Fair Debt Collection Practices Act (FDCPA) and the Wisconsin Consumer Act (WCA).

A court will compel arbitration under the FAA if three conditions exist: (1) a written agreement to arbitrate; (2) a dispute within the scope of the arbitration agreement; and (3) a refusal to arbitrate. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). Though the FAA expresses strong federal policy in favor of arbitration, courts will not compel

parties to arbitrate unless they have contracted to do so. *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 641 (7th Cir. 1993). Whether parties have a valid, written agreement to arbitrate is governed by state-law principles of contract formation. *Domer v. Menard, Inc.*, No. 22-cv-444-jdp, 2023 WL 4762593 (W.D. Wis. July 26, 2023); *see also Gore v. Attell Commc'ns*, LLC, 66 F.3d 1027, 1032 (7th Cir. 2012).

Arbitration agreements, like any contract, are a matter of consent. *Viking River Cruises Inc. v. Moriana*, 142 S. Ct. 1906, 1911 (2022). An arbitration agreement may be considered invalid based on "generally applicable contract defenses such as fraud or unconscionability." *Id*. at 1917. Otherwise, arbitration agreements must be enforced as written. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018).

The Wireless Retail Account Agreement between Shaw and Cellco included a valid arbitration agreement. The agreement includes express language stating that the FAA would govern their arbitration agreement. Shaw signed the Wireless Retail Account Agreement and the Device Purchase Agreement, both of which explained that any disputes would be subject to arbitration. The arbitration agreement lays out the conditions for arbitration. The parties agreed to meet within 30 days if there were any disputes that arise under or relate to the wireless services contract. Dkt. 20, at 1. Any unresolved disputes are subject to arbitration. *Id*. Shaw's signatures indicated his consent to the arbitration agreement. He does not argue that the arbitration agreement was unconscionable or that Cellco defrauded him into entering the contract.

Shaw's breach of contract claim falls within the scope of the arbitration agreement. The arbitration agreement in question says any dispute that "arises under or relates to this Agreement" must be arbitrated. Dkt. 20-1, at 7. Shaw asserts Cellco broke the contract when

4

it charged him before completing his account setup and before he used the services. This claim is directly related to the performance of the contract and thus is within the scope of the agreement.

Cellco asks the court to stay this action pending completion of arbitration with Shaw. This court tends to dismiss, not stay, a case if all the claims are arbitrable. *Domer*, 2023 WL 4762593 at *5. The Court of Appeals has also held that dismissal is the proper remedy. *Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs.*, 7 F.4th 555, 561 n.7 (7th Cir. 2021). So I will grant Cellco's motion to compel arbitration and I will dismiss Shaw's claims from this case.

**B. McCarthy Burgess & Wolff's motion to dismiss**

I take Shaw to be bringing a claim of unfair debt collection practices against collections agency McCarthy. McCarthy has filed a motion to dismiss arguing Shaw cannot bring a claim under the FDCPA or the WCA because those acts only protect consumer debt, not business debt.

The FDCPA protects consumers against unscrupulous debt collection methods. *Suesz v. Med-1 Sols., LLC*, F.3d 636, 639 (7th Cir. 2014). The act defines "consumer" as a "natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692(a)(3). The act defines a debt as a consumer's obligation to pay money towards a transaction "in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." Section 1692(a)(5). Business debt does not fall within the categories of personal, family, or household purposes. *Burton v. Kohn L. Firm*, S.C., 934 F.3d 572, 580 (7th Cir. 2019).

The WCA protects customers from abusive debt collection practices. *Seeger v. AFNI, Inc.*, No. 05-C714, 2007 WL 1598618 (E.D. June 1, 2007), *aff'd*, F.3d 1107 (7th Cir. 2008). The WCA defines a "customer" as "a person other than an organization . . . who seeks or acquires real or personal property, services, money or credit for personal, family, or household purposes." Wis. Stat. § 421.301(17). Like the FDCPA analysis, a plaintiff bringing a claim under the WCA has the burden of establishing that their debt was incurred for personal, family, or household purposes. *Burton*, 934 F.3d at 580. A business expense is outside the scope of both the FDCPA and the WCA because it is not considered consumer debt. *Burton*, 934 F.3d at 580; *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 874 (7th Cir. 2000).

Shaw's debt is a business debt, not a consumer debt. He entered the contract with Cellco under his business's name and filled out the Wireless Retail Account Agreement using his company's information. He also used his company email as the point of contact in his agreement with Cellco. The Wireless Retail Account agreement was made specifically for his business needs. The contract explicitly states that the Wireless Retail Account Agreement allowed his company to purchase "Wireless Service, Products and Services, Devices and accessories for [his] business use." Dkt. 20-1, at 2. The subscriber line was set up in his company's name and his company was billed for the services. *Id*. at 1. Shaw also signed a Small Business Receipt agreement explaining that Verizon would create a business account for his company allowing it to purchase wireless services at corporate discounts. Dkt. 20-2. He signed the contract as the administrator for the business. The language in the agreements between the parties shows this was a business deal and not a contract with a consumer. Thus, Shaw's debt is a business debt. As *Burton* stated, business debt is not protected by the FDCPA or the WCA,

6

because the acts only apply to consumer debt. Shaw does not dispute that he made this agreement with Verizon under his business name, nor does he allege the debt is a consumer debt. Therefore, the FDCPA and WCA do not apply.

I must still consider whether Shaw has a valid claim under existing law protecting business and commerce related debts. The Federal Trade Commission Act prohibits "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1). Though the statute applies to commercial debt collection, it does not permit a private cause of action. *Raney v. Taylor*, No. 21-cv-485-bbc, 2022 WL 266688 (W.D. Wis. Jan. 28, 2022). The statute is enforced by the Federal Trade Commission and individuals cannot sue to enforce the statute. *Bell v. Publix Super Markets, Inc.* 982 F.3d 468, 474. Other courts have ruled that even when a private citizen files their claim with the Federal Trade Commission, this still does not create a private cause of action. *Lingo v. City of Albany Dep't of Cmty. & Econ. Dev.*, 195 F. App'x 891, 894 (11th Cir. 2006). Regulation of commercial debt is the responsibility of the administrative agency, not the private citizen. *Id.* So Shaw cannot bring a claim against McCarthy under the Federal Trade Commission Act. Because Shaw doesn't state any claims against McCarthy, I will grant McCarthy's motion to dismiss.

**C. Convergent Outsourcing**

The court previously granted defendant collection agency Convergent Outsourcing's motion to stay its responsive pleading pending resolution of Cellco's motion to compel arbitration. Dkt. 22. But there is no need to require Convergent Outsourcing to file a responsive pleading because Shaw's claims against it fail for the same reason as his claims against

McCarthy fail: this case is about business debt. I will dismiss Shaw's claims against Convergent Outsourcing and close the entire case.

ORDER

IT IS ORDERED that:

1. Plaintiff Robert Shaw's motion for entry of default judgment against defendant McCarthy Burgess & Wolff, Dkt. 13, is DENIED.

2. The motion to compel arbitration filed by defendant Cellco Partnership dba Verizon Wireless, Dkt. 18, is GRANTED. Plaintiff's claim against Cellco is DISMISSED.

3. The motion to dismiss the plaintiff's complaint filed by defendant McCarthy Burgess & Wolff, Dkt. 16, is GRANTED.

4. Plaintiff's claims against defendant Convergent Outsourcing, Inc. are DISMISSED.

5. The clerk of court is directed to enter judgment accordingly and close the case.

Entered November 7, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge